FILED - KZ
October 24, 2024 2:46 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
ems  Scanned by ES /10/24

United States District Court

Western District of Michigan

1:24-cv-1117

Hala Y. Jarbou
Chief U.S. District Judge

Plaintiff – Courtney Thomas

    1116 Summit street

    Kalamazoo , Michigan  49006

V

Defendant -  City of Portage,

    City of Portage Parks & Recreation Department,

    City of Portage Streets & Equipment Department,

    Preston Briggs

Complaint

    This complaint details violations of Elliott- Larson Civil Rights Act 453 of 1976 MCL 37.2103 (2)(k) from Preston Briggs while an employee or representative of the City of Portage, Streets & Equipment Department and the City of Portage Parks & Recreation Department. Violation of Michigan Penal Code Act 328 750.411 (h)

    This complaint details violation from the City of Portage Streets & Equipment and the City of Portage Parks & Recreation Departments. MCL Section 37.2103 (2)(k)(i). and violations of 37.2203. and violations of 37.2605 (2)(k) and violation fo Title VII of the civil Rights Act of 1964, 29 CFR section 1604.11

*37.2203 Employment agency; prohibited practices generally. Sec. 203. An employment agency shall not fail or refuse to procure, refer, recruit, or place for employment, or otherwise discriminate against, an individual because of religion, race, color, national origin, age, sex, height, weight, or marital status; or*

*classify or refer for employment an individual on the basis of religion, race, color, national origin, age, sex, height, weight, or marital status.*

*Violations of 37.2103(I)*

*(i) Discrimination because of sex includes sexual harassment. Sexual harassment means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature under the following con*

*(i) Submission to the conduct or communication is made a term or condition either explicitly or implicitly to obtain employment, public accommodations or public services, education, or housing.*

*(ii) Submission to or rejection of the conduct or communication by an individual is used as a factor in decisions affecting the individual's employment, public accommodations or public services, education, or housing.*

*(iii) The conduct or communication has the purpose or effect of substantially interfering with an individual's employment, public accommodations or public services, education, or housing, or creating an intimidating, hostile, or offensive employment, public accommodations, public services, educational, or housing environment.*

*The Michigan Penal Code, Act 328 prohibits sexual harassment. Section 750.411h defines "sexual harassment" as conduct shaped by continued, non-consensual contact of a victim that would cause a "reasonable individual" significant mental suffering or distress.*

### *§ 1604.11 Sexual harassment.*

*(a) Harassment on the basis of sex is a violation of section 703 of title VII. [1] Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.*

## JURISDICTION

This Court has Jurisdiction over all causes of action set forth in this complaint pursuant to the laws resighted, as all Plaintiff and Defendants reside and operate in the District of Michigan. Furthermore, all significant and relevant in this incident giving rise to this suit took place in Portage , Michigan, County of Kalamazoo, within the jurisdiction of this court.

## Burden of Proof

On or about November 10, 2023 Plaintiff Courtney Thomas was working for the City of Portage streets and Equipment Department along with the Parks and Recreation Department blowing leaves during leaf pick up, when Plaintiff Courtney Thomas inquired about a raise in pay to his supervisor Defendant Preston Biggs. In front of witnesses Defendant Mr. Preston Biggs told Plaintiff Courtney Thomas "who ever ask for a raise, I'm going to take my dick out and piss on the forehead and rub my balls across the forehead of anyone who thinks about asking for a raise.

Plaintiff Courtney Thomas took this very offensively as Plaintiff heard Mr Biggs talk like that before just not directly towards him. So, Plaintiff Courtney Thomas reported this incident to Human resources Shannon Hertz. Plaintiff was told by Shannon Hertz that there would be a investigation.

During the investigation Mr. Preston Biggs admitted to making a statement of graphic nature about the temporary employees getting a raise.

Other witnesses such as Josh Hildevrand heard the Defendant say inappropriate things also, and took it upon himself to write a statement.

Plaintiff Courtney Thomas was released for employment on December 1, 2023.

Plaintiff then filed a complaint with the Equal Employment Opportunity Commission, case number 471-2024-01312 . Plaintiff Courtney Thomas was able to review the investigation conducted by the City of Portage. The City of Portage did not try to mediate with the Plaintiff through or with the EEOC help. So, the EEOC gave Plaintiff the right To Sue.

Cause of action

1. Cause of action against the City of Portage Parks and Recreation and the City of Portage Streets and Equipment departments for violation for Elliott – Larson Civil Rights Act 453 of 1976 MCL 37.2103 when Mr. Biggs a supervisor for the City of Portage sexually harassed an employee Plaintiff Courtney Thomas.

2. Cause of action against the City of Portage Parks and Recreation and the City Of Portage Streets and Equipment for violation of 37.2103 (k) (i) when Defendant allowed sexually inappropriate language to be used. *Miller V Michigan Department of Corrections 186 N.W. 2d 67 30 Mich App. 64*

3. Cause of action against the named Defendants for violation of MCL 37.2103 (I) (ii) when the Defendants used sexually explicit language to Plaintiff and made the Plaintiff feel uncomfortable. *Chambers V Trettco ,Inc 614 N.W. 2d 910 (2000) 463 Mich. 297.*

4. Cause of action against the named Defendants for violation of MCL 37.2203 when Defendants made a hostile work environment for Courtney Thomas. *Chambers V Trettco ,Inc 614 N.W. 2d 910 (2000) 463 Mich. 297.*

5. Cause of action against the named defendants for violation of MCL 37.2103(I) (iii) when the Defendants conduct made a hostile work environment for Plaintiff. *Radtke V Everett 442 Mich. 368 (1993) 501 N.W. 2d 155.*

6. Cause of action against the named defendants for violation Title VII of the Civil Rights Act of 1964 when Defendants sexually harassed Plaintiff at the work place. *Burlington Industries, Inc.* v. *Ellerth,* 524 U.S. 742 (1998), and *Faragher* v. *City of Boca Raton,* 524 U.S. 775 (1998).

7. Cause of action against the named Defendants for violation of Title VII of the Civil Rights Act of 1964 , 29 CFR section 1604.11 when defendants sexually harassed Plaintiff with unwanted sexual advises. *Vance V Ball State University 646 f. 3d 461*

8. Cause of action against the named Defendants for violation of MCL 37.2103 when the Defendants sexually harassed Plaintiff with sexual language at the work site. *Radtke V Everett 442 Mich. 368 (1993) 501 N.W. 2d 155.*

## Damages

Plaintiff seek relief in the amount of 50,000 USD for violation of his rights pursuant to MCL 37.2605(2)(k)(i) when defendants willfully and knowingly violated the rights of the Plaintiff sited in this complaint.

9. Plaintiff seeks relief in the amount of 50,000 USD for violation of Plaintiff rights that are sited in this complaint and for producing a stressful work environment that causes Plaintiff stress and discomfort. . *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742 (1998), and *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998).

10. Plaintiff seeks relief for punitive and Compensatory Damages when defendants did violate Plaintiff rights at work causing him stress and other damages preventing him from doing his job. . *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742 (1998), and *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998).

*[signature]*

Oct, 24, 2024