UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COURTNEY THOMAS,

    Plaintiff,

v.

PORTAGE DEPARTMENT OF
PARKS AND RECREATION, et al.,

    Defendants.

_____/

Case No. 1:24-cv-1117

Hon. Hala Y. Jarbou

# **OPINION**

Plaintiff Courtney Thomas, proceeding pro se, brings this lawsuit against Defendants City of Portage ("the City"), City of Portage Parks and Recreation Department, City of Portage Streets and Equipment Department, and Preston Briggs. Plaintiff alleges that Defendants subjected him to workplace sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101 *et seq.* (Compl., ECF No. 1.) Defendants moved to dismiss for failure to state a claim (ECF No. 9), and Magistrate Judge Vermaat subsequently issued a Report and Recommendation ("R&R") recommending that the Court dismiss the case (ECF No. 13). Plaintiff filed a timely objection to the R&R (ECF No. 18). For the reasons discussed below, the Court will deny the objections, adopt the R&R with supplemental reasoning outlined herein, and dismiss Plaintiff's complaint.

# I. BACKGROUND

Plaintiff alleges that he worked for the Portage Parks and Recreation Department and the Streets and Equipment Department in late 2023, where Briggs was his supervisor. (Compl. 3.) According to the complaint, on or about November 10, 2023, Plaintiff asked Briggs about a pay raise, and Briggs responded that "who ever ask[s] for a raise, I'm going to take my dick out and piss on the forehead and rub my balls across the forehead of anyone who thinks about asking for a raise." (*Id.*) Plaintiff alleges that he found the comment offensive and reported it to a representative of the City's human resources department, who responded that the City would investigate the matter. (*Id.*) Plaintiff says his work with the City ended on December 1, 2023, when he was "released." (*Id.*) Subsequently, Plaintiff brought this suit alleging sexual harassment.

Magistrate Judge Vermaat recommended that the Court dismiss Plaintiff's complaint for failure to state a claim. Specifically, the magistrate judge recommended that Defendants City of Portage Parks and Recreation Department and City of Portage Streets and Equipment Department be dismissed because, as agencies of the City, they are not distinct legal entities capable of being sued. (R&R 4.) As to the remaining defendants, the magistrate judge concluded that Plaintiff had failed to sufficiently allege the elements of a sexual harassment claim. (*Id.* at 4-8.) Plaintiff objected to the R&R, arguing that his complaint sufficiently states a claim for sexual harassment. (Pl.'s Obj. to R&R 2-4.)

# II. LEGAL STANDARD

**A. R&R Review Standard**

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

### B. Motion to Dismiss Standard

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss under Rule 12(b)(6), courts "construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true." *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017).

### III. ANALYSIS

### A. City Department Defendants

Magistrate Judge Vermaat properly concluded that City of Portage Parks and Recreation Department and City of Portage Streets and Equipment Department must be dismissed from the case because they are agencies of a city and thus not subject to suit. *See Exclusive Brands LLC v. City of Garden City*, No. 19-cv-11062, 2020 WL 5367331, at *6 (E.D. Mich. Sep. 8, 2020) ("Under

Michigan law . . . municipal departments are not separate legal entities capable of being sued."). Plaintiff has not objected to this recommendation; these defendants will be dismissed.

### B. Sexual Harassment Claim

Magistrate Judge Vermaat also correctly concluded that Plaintiff has failed to sufficiently allege a claim for sexual harassment. Sexual harassment claims, whether brought under Title VII or the ELCRA, generally can be categorized as either quid pro quo harassment or hostile work environment harassment. *See Kauffman v. Allied Signal, Inc., Autolite Div.*, 970 F.2d 178, 182 (6th Cir. 1992) (Title VII case); *Chambers v. Trettco, Inc.*, 614 N.W.2d 910, 915 (Mich. 2000) (ELCRA case).

"Quid pro quo sexual harassment is anchored in an employer's sexually discriminatory behavior which compels an employee to elect between acceding to sexual demands and . . . suffering tangible job detriments." *Highlander v. K.F.C. Nat'l Mgmt. Co.*, 805 F.2d 644, 648 (6th Cir. 1986). Under Title VII, a quid pro quo harassment claim requires

> 1) that the employee was a member of a protected class; 2) that the employee was subjected to unwelcomed sexual harassment in the form of sexual advances or requests for sexual favors; 3) that the harassment complained of was based on sex; [and] 4) that the employee's submission to the unwelcomed advances was an express or implied condition for receiving job benefits or that the employee's refusal to submit to the supervisor's sexual demands resulted in a tangible job detriment.[1]

*Id.* Similarly, the elements of an ELCRA claim for quid pro quo harassment are that (1) the employee "was subject to the types of unwelcome sexual conduct or communication described in the statute" and (2) the "employer or the employer's agent used [the employee's] submission to or rejection of the proscribed conduct as a factor in a decision affecting [his] employment." *Londo*

---

[1] When the defendant is an employer rather than an individual, there is an additional element—namely, that liability can be imputed to the employer. *Highlander*, 805 F.2d at 648.

*v. Enright Fam. Rests.*, No. 2:20-CV-53, 2021 WL 5054034, at *3 (W.D. Mich. Sep. 29, 2021) (citing *Chambers*, 614 N.W.2d at 915).

The magistrate judge correctly concluded that Plaintiff has failed to allege a plausible quid pro quo harassment claim. Plaintiff does not claim that Briggs's comment was a sexual advance, or that Plaintiff's response to the comment affected his employment in any way. Therefore, Plaintiff's allegations do not satisfy the ELCRA's second element or Title VII's second and fourth elements.

Magistrate Judge Vermaat also correctly concluded that Plaintiff has failed to allege a hostile work environment claim. Under both Title VII and the ELCRA, a hostile work environment claim requires that:

> (1) [Plaintiff] is a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his sex or sexual orientation; (4) the harassment had the effect of unreasonably interfering with his work performance by creating an intimidating, hostile, or offensive work environment; and (5) the City knew or should have known about the harassment and failed to act.

*Key v. City of Detroit*, 732 F. Supp. 3d 721, 733 (E.D. Mich. 2024); *see also Nathan v. Great Lakes Water Auth.*, 992 F.3d 557, 565 (6th Cir. 2021).

Plaintiff has failed to sufficiently allege the third element. The Sixth Circuit has acknowledged

> three ways a male plaintiff [can] establish a [Title VII] hostile work environment claim based on same-sex harassment: (1) where the harasser making sexual advances is acting out of sexual desire; (2) where the harasser is motivated by general hostility to the presence of men in the workplace; and (3) where the plaintiff offers "direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace."

*Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 765 (6th Cir. 2006) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998)); *see also Kalich v. AT&T Mobility, LLC*, 679 F.3d 464, 471 (6th Cir. 2012) (applying *Vickers* to ELCRA claim). Dismissal is warranted if the

5

allegations in the complaint do not satisfy any of these three options. *See Vickers*, 453 F.3d at 765-66. Plaintiff has not alleged facts from which to infer that Briggs's comment was motivated by sexual desire or hostility to men in the workplace, nor has he alleged any facts about comparative treatment. Thus, Plaintiff has failed to plausibly allege the existence of a hostile work environment.

Plaintiff has also failed to sufficiently allege the fourth element because the single comment by Briggs, without more, does not constitute a hostile work environment. The Sixth Circuit has explained that "[o]ccasional offensive utterances do not rise to the level required to create a hostile work environment." *Grace v. USCAR*, 521 F.3d 655, 679 (6th Cir. 2008); *see also Kalich*, 679 F.3d at 474 ("Except in the case of extreme incidents such as rape or sexual assault, a single, isolated event is typically insufficient to create a hostile work environment."). Although Plaintiff claims that Briggs has made similarly offensive comments on other occasions, these comments were to people other than Plaintiff, and the complaint does not provide any details about the prior comments. (*See* Compl. 3.) In sum, Plaintiff has failed to plausibly allege hostile work environment discrimination because he has not sufficiently alleged that Briggs's actions were pervasive or discriminatory.

### C. Retaliation Claim

Plaintiff does not specify that he is bringing a retaliation claim under Title VII or the ECLRA, nor did the magistrate judge consider such a claim in the R&R. However, courts should read pro se pleadings liberally, which "requires active interpretation in some cases to construe a pro se petition 'to encompass any allegation stating federal relief.'" *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (quoting *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976)). Therefore, the Court will analyze whether Plaintiff's complaint could plausibly state a retaliation claim.

Even under a generous construction, Plaintiff's complaint does not state a claim for retaliation. "Both Title VII and the ELCRA prohibit retaliation against an employee 'because [the employee] has opposed any practice made an unlawful employment practice by' the Act." *Haire v. Farm & Fleet of Rice Lake, Inc.*, No. 21-CV-10967, 2022 WL 128815, at *6 (E.D. Mich. Jan. 12, 2022) (citing 42 U.S.C. § 2000e-3(a); Mich. Comp. Laws § 37.2701(a)). Plaintiff alleges that his employment with the City ended less than a month after he reported Briggs's comment to human resources, but he does not claim that he was let go *because* he made the report. Although temporal proximity can be evidence supporting an inference of retaliatory motive, *Yazdian v. ConMed Endoscopic Techs., Inc.*, 793 F.3d 634, 650 (6th Cir. 2015), that principle is inapplicable here because Plaintiff has not actually alleged a retaliatory motive—he states that he was "released for employment" but makes no claims as to the reason. (Compl. 3.) Even when liberally reading a pro se pleading, the Court is not obligated to "conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Thus, Plaintiff has failed to state a claim for retaliation.

## IV. CONCLUSION

Plaintiff has not stated a claim against Defendants City of Portage Parks and Recreation Department and City of Portage Streets and Equipment Department because these are not entities subject to suit. As to Defendants City of Portage and Preston Briggs, Plaintiff has failed to allege facts raising a plausible inference of harassment, discrimination, or retaliation, and therefore has not stated a claim under Title VII or the ECLRA.

Accordingly, the Court will adopt Magistrate Judge Vermaat's R&R, supplemented by the reasoning outlined in this Opinion, and dismiss Plaintiff's complaint without prejudice.

An order consistent with this Opinion will issue.

Dated: August 13, 2025 /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE